The decision below is signed as a decision of

the court.

Signed: April 19, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| DONALD RAY TAWNEY, ) | Case No. 06-11164 (pending |
| ) | in the United States |
| Debtor. ) | Bankruptcy Court for the |
| _____ ) | Western District of Texas) |
| ) | (Chapter 7) |
| MICHAEL L. BUESGENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. |
| ) | 07-10008 |
| DONALD RAY TAWNEY, *et al.*, ) | |
| ) | **Not for Publication in** |
| Defendants. ) | **West's Bankruptcy Reporter** |

DECISION RE DISMISSING COMPLAINT

The plaintiff, Michael Buesgens, was an employee of the Internal Revenue Service. The complaint in this adversary proceeding names as defendants Donald Ray Tawney, Jr., who apparently was Buesgens' former supervisor at the Internal Revenue Service; Mark Everson, the Commissioner of Internal Revenue; and Henry Paulson, the Secretary of the Department of the Treasury. The complaint is frivolous, and in the interests of justice the court will dismiss the complaint without awaiting

responses to the complaint by the defendants.

I

The complaint fails to establish any basis for granting Buesgens any relief.

A.

Tawney is the debtor in a case pending as Case Number 06-11164 in the United States Bankruptcy Court for the Western District of Texas.

In part I of the complaint, entitled "JURISDICTION AND VENUE," Buesgens fails to cite any statutory provision that would confer jurisdiction on this court.

In part II of the complaint, Buesgens refers to the bankruptcy case pending in the Western District of Texas and notes that the case has been declared to be a no-asset case.

In part III of the complaint, Buesgens alleges that the bankruptcy case has serious failures, errors, and omissions, complaining that he was never notified of the pending bankruptcy case.

In part IV of the complaint, Buesgens notes that he has filed an adversary proceeding in the bankruptcy case, and that he has a claim in the bankruptcy case.

In part V of the complaint, Buesgens alleges that he was involuntarily retired on medical disability as an employee of the Internal Revenue Service, and he discusses the various litigation

2

he has pursued in that regard.  In part V of the complaint, Buesgens also requests a denial of a discharge to Tawney in the bankruptcy case pursuant to 11 U.S.C. §§ 727(a)(11) and 1328(g)(1).  Section 727(a)(11) deals with denial of a discharge based on failure to obtain debtor education, but Buesgens only alleges that Tawney did not promptly file a Form 23 (the form used to certify that the debtor education was obtained).  He acknowledges that the requisite Form 23 was eventually filed, and, accordingly, Buesgens has stated no basis for a denial of discharge under § 727(a)(11).  Section 1328(g)(1) is inapplicable in a Chapter 7 bankruptcy case, and thus supplies no basis for a denial of discharge in Tawney's chapter 7 case.

B.

The complaint fails to state any valid basis for denying Tawney a discharge.  (Venue for a request for a denial of discharge is also improper, but the court will dismiss the request for a denial of discharge on the merits as the complaint plainly fails to state a valid basis for such relief.)  Beyond that, the complaint fails to establish any jurisdiction under 28 U.S.C. § 1334(b) for granting Buesgens any other relief.

II

On April 11, 2007, Buesgens filed in this adversary proceeding a Motion to Reopen Bankruptcy Case No. 06-11164 (meaning the bankruptcy case pending in the Western District of

3

Texas).  A motion to reopen a bankruptcy case must be filed in the district within which the bankruptcy case is pending, and this court will thus not act on the motion, and will dismiss it with the rest of the adversary proceeding.

                              III

On April 11, 2007, Buesgens also filed a Crossclaim.  Only a defendant is permitted to file a cross-claim.  Fed. R. Civ. P. 13(g).  The court will accordingly dismiss the Crossclaim.

In any event, the Crossclaim would be subject to dismissal on other grounds.

First, Buesgens has used the wrong procedural vehicle and has sought relief in the wrong forum.  The Crossclaim is asserted against the judge presiding in the bankruptcy case, the judge's law clerk, employees of the clerk's office, the debtor's attorney in the case, the chapter 7 trustee, the United States Trustee, and a judge of the United States District Court for the Western District of Texas to which an appeal was taken from the Bankruptcy Court, and two Assistant United States Attorneys who apparently represented the Government in litigation relating to Buesgens' discharge from employment.  The Crossclaim asserts claims that relate to actions the parties have taken or actions they have failed to take in the bankruptcy case or in the appeal or in the claims litigation.  If Buesgens is seeking a correction of what has transpired in those matters, the proper vehicle for

obtaining such relief is via a motion in the particular proceeding, or via an appeal of rulings adverse to him.  Thus, if that is the relief Buesgens is seeking, he is proceeding inappropriately for two reasons: first, by seeking relief via an adversary proceeding, and, second, by seeking relief in this bankruptcy court (the United States Bankruptcy Court for the District of Columbia) which had nothing to do with the proceedings in which Buesgens alleges there were improper actions, instead of seeking relief in the court in which the proceeding was pending and in which he alleges the particular improper actions occurred.

   Second, to the extent that Buesgens is seeking to hold the parties liable for monetary damages, such claims will not have any impact on the administration of the bankruptcy estate: the recoveries would not be by the estate, and the claims are not against the estate.  Accordingly, there is no subject matter jurisdiction under 28 U.S.C. § 1334(b) over such claims as related to the bankruptcy case.  See Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984); Torkelsen v. Maggio (In re Guild and Gallery Plus, Inc.), 72 F.3d 1171 (3d Cir. 1996) (bankruptcy court lacked subject matter jurisdiction over damage claims asserted against bankruptcy trustee).  Buesgens has not otherwise suggested how the court would have subject matter jurisdiction over the claims.

In any event, the claims are frivolous. For example, Buesgens has failed to demonstrate that the parties are not entitled to have the claims dismissed on the basis of applicable immunities from being sued. A presiding judge, for example, is entitled to absolute immunity with respect to the decisions he renders in a proceeding.

IV

The Crossclaim was not filed in typewritten form as required by Rule 5005-1(e) of the Local Bankruptcy Rules of this court. (A typewriter is available at the clerk's office for pro se parties.) Buesgens' Crossclaim is many pages longer than it would be if typewritten. Because the handwritten Crossclaim included bold black print using a heavy felt pen, the document could not be scanned and docketed for electronic accessability on the court's Electronic Case Filing System. The court will direct the clerk not to accept handwritten documents from Buesgens for filing without approval by the court. If a document is submitted for filing that is incapable of being scanned, the clerk shall mark the front page of any such document with the date of receipt and a notation that it is being returned because it is incapable of being scanned. The clerk shall return such documents to Buesgens on that basis.

[Signed and dated above.]

Copies to:

Michael L. Buesgens
3112 Windsor Road
#A322
Austin, TX 78703

Henry Paulson
Secretary of the Treasury
1500 Pennsylvania Ave., NW
Washington, DC 202220

Tax Division
Department of Justice
Washington, DC 20530

Office of U.S. Trustee
903 San Jacinto Blvd., #320
Austin, TX 78701

Randolph N. Osherow, Esq.
342 W. Woodlawn, Suite 300
San Antonio, TX 78212

Karen L. Melnik
Assistant U.S. Attorney
555 Fourth Street, NW
Room E4112
Washington, DC 20530

R. Barry Robinson, Esq.
Assistant U.S. Attorney
816 Congress Avenue
Suite 1000
Austin, TX 78701

Sherri Miller, Case Manager
U.S. Bankruptcy Court,
903 San Jacinto Blvd. #322
Austin, TX 78701

Mark Everson
Commissioner of Internal Revenue
Room 5226
1111 Pennsylvania Ave., NW
Washington, DC 20224

Donald Ray Tawney, Jr.
13601 Elm Ridge Lane #1635
Austin, TX 78727

Charles R. Nettles, Jr.
1524 S. IH-35, Suite 233
Austin, TX 78704

Honorable Frank R. Monroe
United States Bankruptcy Judge
903 San Jacinto Blvd., #322
Austin, TX 78701

Sarah H. McHaney
Law Clerk
U.S. Bankruptcy Court
903 San Jacinto Blvd., #322
Austin, TX 78701

Maria Dozauer
Deputy in Charge
Clerk's Office
U.S. Bankruptcy Court
903 San Jacinto Blvd., #322
Austin, TX 78701

Honorable Leroy Yeakel, III
United States District Judge
200 West 8th Street
Austin, TX 78701